UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 24-2740 (CJN) |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>**

Defendant Department of Justice ("Defendant" or the "Department"), by and through undersigned counsel, respectfully submit this memorandum of points and authorities in support of the Defendant's motion for summary judgment. As explained further below, Plaintiff failed to exhaust its administrative remedies, and thus, the Court should enter summary judgment in the Department's favor.

## BACKGROUND

For brevity's sake, Defendant respectfully refers the Court to the enclosed statement of material facts for the factual and procedural background of this Freedom of Information Act ("FOIA") case.

## LEGAL STANDARDS

### I. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Id.* Once the moving party has met its burden, the nonmoving part may not rest upon the mere allegations or denials of his pleading but must instead establish more than "the mere existence of a scintilla of evidence" in support of his position. *Id.* Thus, summary judgment is appropriate if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [nonmovant]." *Id.* When determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most

favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

**II.**    **Summary Judgment in FOIA Cases**

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in a light most favorable to the requester, that there is no genuine issue of material fact as to the agency's compliance with FOIA.  *Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994). The court may award summary judgment based solely upon the information provided in affidavits or declarations when those affidavits or declarations "describe the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record, nor by evidence of agency bad faith."  *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)).  A plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents."  *Brown v. Dep't of Just.*, 742 F. Supp. 2d 126, 129 (D.D.C. 2010).

**ARGUMENT**

Prior to filing its complaint with the Court, Plaintiff failed to appeal the Federal Bureau of Investigation's ("FBI") final determination regarding the FOIA request at issue in this matter and therefore, Plaintiff failed to exhaust administrative remedies as required under the FOIA.

It is settled law that prior to seeking relief in federal court, a plaintiff must exhaust the administrative remedies available under the FOIA.  *Oglesby v. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (citation and internal quotation marks omitted).  A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA and

agency regulations, including failure to administratively appeal an adverse determination on a FOIA request. *Hidalgo v. FBI*, 344 F.3d 1256, 1258–60 (D.C. Cir. 2003). As the D.C. Circuit has explained, exhaustion is necessary "so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Oglesby*, 920 F.2d at 61. "If the requester fails to exhaust administrative remedies before filing suit, a court can dismiss the complaint or grant summary judgment for the agency." *Kolbusz v. FBI*, Civ. A. No. 17-0319 (EGS/GMH), 2021 WL 1845352, at *7 (D.D.C. Feb. 17, 2021), *R. & R. adopted*, 2023 WL 2072481 (D.D.C. Feb. 17, 2023) (citations omitted). "Failure to exhaust administrative remedies is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim[.]" *Id.* (citations omitted).

Here, in response to Plaintiff's FOIA request, the FBI sent a final determination on August 2, 2024. *See* Seidel Decl. ¶ 11, Ex. G. In the final determination, Plaintiff was provided with clear instructions regarding its appeal rights—namely, Plaintiff was informed that he could appeal the responses to the Department's Office of Information Policy within ninety days of the date of the final determination or seek dispute resolution services by contracting the Office of Government Information Services. *See id*. Plaintiff has not appealed the FBI's final determination nor does Plaintiff suggest otherwise in its Complaint. *See id.* ¶ 13; *see generally* Compl. (ECF No. 1). The final determination was sent on August 2, 2024, and rather than appeal the final determination, fifty-four days later, Plaintiff filed its Complaint on September 25, 2024.

Accordingly, Plaintiff failed to exhaust its administrative remedies and Defendant is entitled to judgment as a matter of law on the determination of the FOIA request at issue in this matter.

## CONCLUSION

For these reasons, the Court should grant Defendant's motion and enter summary judgment in its favor.

Dated: December 5, 2024

Respectfully submitted,

MATTHEW M. GRAVES, DC Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ Stephanie R. Johnson_____
STEPHANIE R. JOHNSON, DC Bar # 1632338
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*